1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    MICHAEL LARUE BROWN,                      Case No. 23-cv-04392-TLT

          Plaintiff,
8
                                              **ORDER VACATING JUDGMENT AND**
9         v.                                  **REOPENING CASE,**
                                              **OF SERVICE**
10   LIEUTENANT BASS, et al.,

          Defendants.
11

12

13          Plaintiff, a state prisoner incarcerated at San Quentin State Prison (SQSP), has filed a pro

14   se civil rights action in which he alleges violations of his constitutional rights by SQSP prison

15   officials.  The Court previously dismissed plaintiff's action for failing to file his complaint through

16   the email procedures required by General Order No. 76.  ECF 8.  Plaintiff subsequently filed his

17   complaint by email in compliance with General Order No. 76.  ECF 10.  The Court will vacate the

18   prior judgment (ECF 9), reopen the case, and order service of the complaint and attachment on

19   defendants.  Plaintiff's motion for leave to proceed *in forma pauperis* will be granted by separate

20   order.

21                                       **DISCUSSION**

22          **A.      Standard of Review**

23          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

24   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

25   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

26   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

27   monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),

28   (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d

United States District Court
Northern District of California

United States District Court
Northern District of California

1    989, 993 (9th Cir. 2020).

2         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

3    claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

4    necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

5    grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

6    While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

7    the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

8    A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

9    cause of action, or naked assertions devoid of further factual enhancement does not suffice.  *Id.*

10        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

11   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

12   alleged violation was committed by a person acting under the color of state law.  *See West v.*

13   *Atkins*, 487 U.S. 42, 48 (1988).

14        **B.       Legal Claims**

15        Plaintiff alleges that he was subjected to an unclothed body search on October 8, 2022

16   orchestrated by defendants Lieutenant Bass, Sergeant Taylor, and Sergeant Simpson.  Defendant

17   Taylor instructed plaintiff and a number of other prisoners to "full[y] disrobe and hand your

18   clothes to the searching officers," to face the searching officers and follow their commands "to lift

19   your sack (genitalia), open your mouth, move your tongue, turn around peel open your anus, bend

20   over and squat and cough, lift your feet and show the bottoms" and then get redressed.  ECF 10 at

21   3.  Plaintiff requested modesty accommodations of performing the search indoors instead of in

22   public.  Defendants Bass and Taylor both refused his request.  *Id.*

23        As plaintiff was disrobing, he was in the direct line of sight of a staff entry gate where

24   doctors, nurses, mental health staff, auxiliary support staff, plumbers, electricians, painters, IT

25   staff, vocational trade teachers, canteen workers and correctional guards, sergeants, lieutenants,

26   and captains of both genders enter the area.  Three nurses stopped and faced plaintiff and observed

27   the search while having a conversation.  *Id.* at 4.  The search was conducted in the view of "fifteen

28   other prisoners of various identity pronouns affiliations" as well as the three defendants and over

1    15 other correctional officers.

2    Plaintiff also alleges that SQSP staff have been retaliating against him for filing this

3    lawsuit, preventing him from submitting a full copy of the complaint to the Court.  ECF 10-1 at 1-

4    2.  He alleges that various guards under the direction of defendant Bass have been harassing and

5    intimidating him and issuing false Rules Violation Reports.  *Id.*

6    Plaintiff seeks compensatory and punitive damages.

7    Liberally construed, plaintiff states a claim against all defendants for violating his Fourth

8    Amendment rights.  The Ninth Circuit has held that some cross-gender strip searches are

9    unconstitutional.  *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1142 (9th Cir. 2011) (en

10   banc) ("*Byrd I*").  The regularity or frequency of the cross-gender searches or viewing of

11   unclothed prisoners, as well as the "scope and manner of the intrusions," and the existence of a

12   legitimate reason for them, are relevant to determining whether there is a violation.  *Byrd v.*

13   *Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 922 (9th Cir. 2017) ("*Byrd II*").  While plaintiff

14   alleges a one-time public search, the scope and manner are enough to state a plausible claim.  He

15   alleges that female prison staff viewed him fully unclothed, with no obstruction, from very near,

16   and without a legitimate reason.

17   Liberally construed, plaintiff has stated a First Amendment claim for retaliation against

18   defendant Bass.  A viable claim of First Amendment retaliation entails five basic elements: (1) An

19   assertion that a state actor took some adverse action against an inmate (2) because of (3) that

20   prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

21   Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

22   *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

**CONCLUSION**

24   For the foregoing reasons, the Court orders as follows:

25   1.    The Clerk shall vacate the prior judgment and reopen the case.

26   2.    Plaintiff has stated a cognizable section 1983 Fourth Amendment claim against

27   defendants Bass, Simpson, and Taylor.

28   3.    Plaintiff has stated a cognizable section 1983 First Amendment retaliation claim

United States District Court
Northern District of California

1   against defendant Bass.

2       4.      The Court ORDERS that service on the following defendants shall proceed under

3   the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for

4   civil rights cases from prisoners in the CDCR's custody:

5               a.      Lieutenant Bass

6               b.      Sergeant Taylor

7               c.      Sergeant Simpson

8       In accordance with the program, the Clerk is directed to serve on the CDCR via email the

9   following documents: the operative complaint and attachment (ECF 10 and 10-1), this Order of

10  Service, a CDCR Report of E-Service Waiver form, and a summons.  The Clerk also shall serve a

11  copy of this order on the plaintiff.

12      No later than 40 days after service of this order via email on the CDCR, the CDCR shall

13  provide the court a completed CDCR Report of E-Service Waiver advising the court which

14  defendant(s) listed in this order will be waiving service of process without the need for service by

15  the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or

16  could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service

17  Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court

18  a waiver of service of process for the defendant(s) who are waiving service.

19      Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each

20  defendant who has not waived service according to the CDCR Report of E-Service Waiver a

21  USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies

22  of this order, the summons and the operative complaint for service upon each defendant who has

23  not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-

24  Service Waiver.

25      2.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

26  requires defendants to cooperate in saving unnecessary costs of service of the summons and

27  complaint.  If service is waived, this action will proceed as if defendants had been served on the

28  date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be

United States District Court
Northern District of California

4

1    required to serve and file an answer before **sixty (60) days** from the date on which the CDCR

2    provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's

3    Office.  (This allows a longer time to respond than would be required if formal service of

4    summons is necessary.)  If defendants have not waived service and have instead been served by

5    the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being

6    served with the summons and complaint.

7            6.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil

8    Procedure.  The following briefing schedule shall govern dispositive motions in this action:

9            a.      No later than **sixty (60) days** from the date their answer is due, defendants

10   shall file a motion for summary judgment or other dispositive motion. The motion must be

11   supported by adequate factual documentation, must conform in all respects to Federal Rule of

12   Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

13   the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[1] notice

14   so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to

15   oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out

16   in Rand must be served concurrently with motion for summary judgment).  A motion to dismiss

17   for failure to exhaust available administrative remedies must be accompanied by a similar notice.

18   However, the Court notes that under the law of the circuit, in the rare event that a failure to

19   exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule

20   12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b)

21   motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v.*

22   *Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available

23   administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"),

24   should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise, if a failure to

25   exhaust is not clear on the face of the complaint, defendants must produce evidence proving

26   failure to exhaust in a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence

27

28
_____
[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

United States District Court
Northern District of California

1    viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to

2    summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment

3    should be denied and the district judge, rather than a jury, should determine the facts in a

4    preliminary proceeding. *Id.* at 1168.

5        If defendants are of the opinion that this case cannot be resolved by summary judgment,

6    they shall so inform the Court prior to the date the summary judgment motion is due. All papers

7    filed with the Court shall be promptly served on plaintiff.

8            b.        Plaintiff's opposition to the dispositive motion shall be filed with the Court

9    and served on defendants no later than **twenty-eight (28) days** after the date on which

10   defendants' motion is filed.

11           c.        Plaintiff is advised that a motion for summary judgment under Rule 56 of

12   the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you

13   must do in order to oppose a motion for summary judgment. Generally, summary judgment must

14   be granted when there is no genuine issue of material fact—that is, if there is no real dispute about

15   any fact that would affect the result of your case, the party who asked for summary judgment is

16   entitled to judgment as a matter of law, which will end your case. When a party you are suing

17   makes a motion for summary judgment that is supported properly by declarations (or other sworn

18   testimony), you cannot simply rely on what your complaint says. Instead, you must set out

19   specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

20   as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and

21   documents and show that there is a genuine issue of material fact for trial. If you do not submit

22   your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

23   If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154

24   F.3d at 962-63.

25       Plaintiff also is advised that—in the rare event that defendants argue that the failure to

26   exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available

27   administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

28   prejudice. To avoid dismissal, you have the right to present any evidence to show that you did

United States District Court
Northern District of California

1  exhaust your available administrative remedies before coming to federal court.  Such evidence

2  may include: (1) declarations, which are statements signed under penalty of perjury by you or

3  others who have personal knowledge of relevant matters; (2) authenticated documents—

4  documents accompanied by a declaration showing where they came from and why they are

5  authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements

6  in your complaint insofar as they were made under penalty of perjury and they show that you have

7  personal knowledge of the matters state therein.  As mentioned above, in considering a motion to

8  dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment

9  motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed

10  issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

11         (The notices above do not excuse defendants' obligation to serve similar notices again

12  concurrently with motions to dismiss for failure to exhaust available administrative remedies and

13  motions for summary judgment.  *Woods*, 684 F.3d at 935.)

14                 d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the

15  date plaintiff's opposition is filed.

16                 e.      The motion shall be deemed submitted as of the date the reply brief is due.

17  No hearing will be held on the motion unless the Court so orders at a later date.

18         7.      Discovery may be taken in this action in accordance with the Federal Rules of Civil

19  Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose

20  plaintiff and any other necessary witnesses confined in prison.

21         8.      All communications by plaintiff with the Court must be served on defendants or

22  their counsel, once counsel has been designated, by mailing a true copy of the document to them.

23         9.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

24  informed of any change of address and must comply with the Court's orders in a timely fashion.

25  Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes

26  while an action is pending must promptly file a notice of change of address specifying the new

27  address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

28  directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2)

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1    the Court fails to receive within sixty days of this return a written communication from the *pro se*

2    party indicating a current address.  *See* L.R. 3-11(b).

3           10.     Upon a showing of good cause, requests for a reasonable extension of time will be

4    granted provided they are filed on or before the deadline they seek to extend.

5           **IT IS SO ORDERED.**

6    Dated: January 12, 2024

7

8    _____

9    TRINA L. THOMPSON
     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8